Trent M. Gardner (I.D. # 7477)
Jeffrey J. Tierney (I.D. # 12989)
**GOETZ, BALDWIN & GEDDES, P.C.**
35 North Grand
P.O. Box 6580
Bozeman, MT 59771-6580
Phone: (406) 587-0618
Fax: (406) 587-5144
Email: tgardner@goetzlawfirm.com
       jtierney@goetzlawfirm.com

Joseph V. Womack (I.D. # 2690)
**WALLER & WOMACK, P.C.**
Suite 805 First Bank Building
303 North Broadway
Billings, Montana 59101
Telephone: (406) 252-7200
Facsimile: (406) 252-4266
Email: jwomack@jvwlaw.com

Attorneys for Joseph V. Womack, Trustee

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**JOHN HENRY SCHNEIDER,**<br><br>Debtor. | Case No. 14-61357 |
| **JOSEPH V. WOMACK, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF JOHN HENRY SCHNEIDER,**<br><br>Plaintiff,<br><br>v.<br><br>**KATHLEEN T. BURROWS**<br><br>Defendant. | Adversary No. _____<br><br>**COMPLAINT** |



EXHIBIT A

Joseph V. Womack, Chapter 7 Trustee for the Bankruptcy Estate of John Henry Schneider, by and through counsel of record, states his causes of action and claims for relief against Kathleen T. Burrows.

## INTRODUCTION

1. This action pertains to the fraudulent transfer of a property in Molt, Montana in 2012 from Debtor John Henry Schneider to Kathleen T. Burrows. Plaintiff seeks a judgment of avoidance of the fraudulent transfer and/or a monetary judgment for the value of such transfer.

## PARTIES

2. Plaintiff Joseph V. Womack ("Trustee" or "Plaintiff") was appointed the Chapter 7 Trustee for the Bankruptcy Estate of John Henry Schneider on December 4, 2014.

3. John Henry Schneider is the Debtor in the bankruptcy case. John Henry Schneider ("Debtor") filed the present voluntary Chapter 7 petition on December 4, 2014.

4. Defendant Kathleen T. Burrows ("Burrows" or "Kathleen Burrows") is an individual residing in Chino Hills, California. Burrows is the sister of the Debtor.

5. Pursuant to 11 U.S.C. § 541, Debtor's assets have been transferred to the bankruptcy estate which is administered by Trustee.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 334 and 367.

7. This action is a core proceeding within the meaning of 28 U.S.C. § 157(b).

8. Venue is proper pursuant to 28 U.S.C. § 1409.

## GENERAL ALLEGATIONS

9. On or about August 1, 2008, Debtor, in his individual capacity, purchased from Theodore Trier and Teresa R. Trier, a parcel of real property located in Molt, Montana, more particularly described as follows:

> That part of Sections 22 and 27, Township 1 North, Range 23 East, of the Principal Meridian, Yellowstone County, Montana, described as Tract 56, of Certificate of Survey No. 2184 on file in the office of the Clerk and Recorder of said County, under Document #1264905. (property address: 12735 Hidden Valley Trail, Molt, MT 59057).

This real property is referred to hereinafter as the "Molt Property." Debtor purchased the Molt Property using his individual funds and, upon information and belief, paid $325,000 for the Molt Property. The deed from the Triers to Debtor was recorded on October 31, 2008.

10. On June 10, 2009, Debtor executed a deed conveying the Molt Property to Schneider Limited Partnership. The deed to Schneider Limited Partnership was recorded on June 30, 2009. Debtor received no value or consideration for the transfer.

11. Schneider Limited Partnership is an entity in which Debtor, through Debtor's revocable trust, the John Schneider Revocable Trust dated November 20, 2007, held and continues to hold a minimum 49.5% limited partner interest. That interest is now property of the bankruptcy estate. Debtor's wife, Michelle Schneider, through the Michelle Schneider Revocable Trust dated November 20, 2007, also held a 49.5% limited partner interest in Schneider Limited Partnership. The other 1% of Schneider Limited Partnership was held by Schneider Management, LLC, as the general partner.

12. As of 2009, Debtor and his wife were technically the co-managers of Schneider Management, LLC. However, at all times, John Schneider exercised actual control over all activities of Schneider Limited Partnership and Schneider Management, LLC.

13. Beginning in 2011 and continuing into 2012, Debtor was embroiled in a multimillion dollar defamation claim. In addition, upon information and belief, he had been named in numerous malpractice cases for which the Debtor knew he did not have sufficient insurance coverage to protect himself. In early 2012, Debtor had recently had his medical license suspended, placing his ability to earn money in jeopardy. At this time, Debtor knew that he was insolvent and knew that he would not have sufficient funds to pay his liabilities as they came due.

14. Beginning in 2011 and continuing into 2012, Debtor began executing a well-orchestrated scheme to divest himself of technical ownership of various assets

in order to hide them from creditors. Kathleen Burrows, Debtor's sister, was integral in this scheme.

15. As part of this scheme, on March 20, 2012, Debtor resigned as the manager of Schneider Management, LLC. Burrows was appointed as the new manager of Schneider Management, LLC and, therefore, as the technical general partner of Schneider Limited Partnership. Despite this technical change in roles, Debtor continued his control over Schneider Limited Partnership and Schneider Management, LLC.

16. On this same date, March 30, 2012, Debtor also formed an irrevocable trust for each of his three children, Brandon, Caitlin and Shannon. Debtor named Burrows as trustee for all three of the trusts. The children's three irrevocable trusts were formed for the purpose of hiding Debtor's assets.

17. On May 30, 2012, Schneider Limited Partnership deeded the Molt Property back to Debtor. Burrows, as manager of Schneider Management, LLC, general partner of Schneider Limited Partnership, executed the deed from Schneider Limited Partnership to John Schneider.

18. On May 30, 2012, Debtor deeded the Molt Property to Burrows. Debtor received no consideration or value for this transfer. This transfer was done for the purpose of defrauding creditors. At the time of the transfer, Debtor was insolvent and/or had liabilities which he knew he could not pay as they came due.

19. Coincidentally, at this same time, Schneider Limited Partnership owned a multimillion dollar ranch in Wyoming. Debtor regularly represented that

the Wyoming ranch was his residence and his personal property. On June 5, 2012, Debtor caused Schneider Limited Partnership to deed the Wyoming ranch to his wife, Michelle. Burrows, as the manager of Schneider Management, LLC, general partner of Schneider Limited Partnership, executed the deed from Schneider Limited Partnership to Michelle Schneider on June 5, 2012. On June 8, 2012, Michelle then deeded the Wyoming ranch to the children's three irrevocable trusts. No consideration was given for any of these transactions.

20. At approximately the same time, Debtor caused the formation of Medport, LLC, a Wyoming limited liability company. Ostensibly, the owners of Medport, LLC were Kathleen Burrows and Brandon Schneider. However, the purpose of Medport, LLC was for Debtor to have another entity which was technically not owned or controlled by him, but over which he exercised actual authority, to hold his assets.

21. Currently, Debtor claims to act as a consultant for Medport, LLC and is paid a monthly salary from Medport, LLC. Debtor's wife is also paid a salary by MedPort. Debtor exercises actual control over MedPort, including its bank accounts.

22. On May 1, 2012, MedPort, LLC executed a Promissory Note to Schneider Limited Partnership under which MedPort, LLC had the right to borrow up to $5,000,000 from Schneider Limited Partnership. The note required quarterly interest payments and payments of principal beginning on October 1, 2015. The Promissory Note is a sham. Pursuant to the sham Promissory Note, Debtor has

15-00098-RBK cv-00031-SPW Doc#: 1 Filed: 03/24/15 Entered: 03/24/22/15:15:19 Page 7 of 10

attempted to hide millions of dollars in MedPort as part of his scheme to defraud creditors.

23. On or about May 23, 2011, Wells Fargo Bank made a loan to Northern Rockies Neuro-Spine, P.C. ("NRNS") in the original amount of up to $850,000. NRNS was Debtor's medical practice and Debtor was the sole shareholder. Debtor, Michelle Schneider, Schneider Limited Partnership, the John Schneider Revocable Trust, dated November 20, 2007, the Michelle Schneider Revocable Trust, dated November 20, 2007 and Schneider Management, LLC all executed guarantees on the loan.

24. When the Wells Fargo loan came due on June 15, 2012, NRNS, Debtor and the other guarantors failed to pay the loan balance. Wells Fargo initiated an action and obtained judgments totaling $695,220.15 against NRNS, Debtor, Schneider Limited Partnership and the other guarantors.

25. Rather than paying the judgment, Debtor executed a scheme whereby he could further hide assets from creditors.

26. In furtherance of the scheme, rather than pay the judgment, MedPort, an entity owned by Debtor's son and Debtor's sister (Kathleen Burrows), used funds it had borrowed from Schneider Limited Partnership to loan $650,000 to Debtor's children's irrevocable trusts, of which Burrows was the trustee. In return, Medport received a mortgage against the Wyoming Ranch.

27. Then, the children's three irrevocable trusts purchased the judgment from Wells Fargo, obtaining as part of the deal Wells Fargo's judgment lien against

Complaint                                                                                      Page 7

Debtor's home in Billings, Montana. Pursuant to this scheme, rather than simply paying the judgment, Debtor further hid his assets from creditors by allowing his children's irrevocable trusts to hold a judgment lien against his residence.

28. Debtor has engaged in a scheme to defraud creditors, as part of that scheme, he has used his sister, Kathleen Burrows, as well as the various entities described in this Complaint which were under Debtor's control. The transfer of the Molt Property to Kathleen Burrows was one small part of this much larger scheme.

## COUNT I - AVOIDANCE OF FRAUDULENT TRANSFER

29. Plaintiff hereby restates each and every preceding paragraph, as if specifically stated herein.

30. The transfer of the Molt Property from Debtor to his sister, Burrows, was a fraudulent transfer.

31. Debtor did not receive any consideration, much less reasonably equivalent value, for the Molt Property transfer.

32. At the time of the Molt Property transfer, Debtor's remaining assets were unreasonably small and Debtor should have reasonably believed that Debtor would be unable to pay his debts as they came due.

33. At the time of the Molt Property transfer, Debtor was insolvent or became insolvent as a result of the transfer.

34. At the time of the Molt Property transfer, Debtor was engaged or about to engage in a business or transaction for which his remaining assets were unreasonably small in relation to the such business or transaction.

35. At the time of the Molt Property transfer, Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

36. The Molt Property transfer was made with the intent to hinder, delay, or defraud creditors of Debtor and his affiliated entities.

37. Joseph V. Womack, as Chapter 7 trustee for Debtor, has all of the rights of creditors to bring avoidance claims under applicable state law.

38. Pursuant to 11 U.S.C. § 544(b), the Molt Property transfer was a fraudulent transfer under §§ 31-2-333 and 334, M.C.A.

39. Accordingly, the Molt Property transfer may be avoided pursuant to 11 U.S.C. § 550.

40. Upon information and belief, Burrows may have subsequently transferred the Molt Property. Accordingly, pursuant to 11 U.S.C. § 550(a) and § 31-2-340(2), M.C.A., in the alternative to avoidance of the fraudulent transfer, Trustee is entitled to a money judgment against Burrows for the value of the Molt Property.

WHEREFORE, Plaintiff prays:

1. For an order of this Court that the transfer of the Molt Property to Kathleen Burrows be set aside and voided;

2. In the alternative, a declaration that the transfer of the Molt Property to Kathleen Burrows was a fraudulent transfer and for a money judgment against Kathleen Burrows for the value of the Molt Property;

3. For prejudgment interest;

4. For attorneys' fees and costs to the extent allowed by applicable rule or law; and

5. For such other and further relief that the Court deems proper.

DATED this 24th day of March, 2015.

GOETZ, BALDWIN & GEDDES, P.C.

By: */s/Trent M. Gardner*
Trent M. Gardner/Jeffrey J. Tierney
Attorneys for Trustee Joseph V. Womack

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Joseph V. Womack Chapter 7 Trustee | **DEFENDANTS**<br>Kathleen T. Burrows |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Goetz, Baldwin & Geddes, P.C.<br>P.O. Box 6580, Bozeman, MT 59771-6580<br>406/587-0618 | **ATTORNEYS** (If Known) Ross Richardson<br>116 W. Granite Street, P.O. Box 399<br>Butte, MT 59701<br>406/723-3219 |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Avoidance of fraudulent transfer and/or money judgment for fraudulent transfer, 11 U.S.C. Sections 544 and 550 ||

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 325,000.00 |
| Other Relief Sought ||

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>John Henry Schneider | | BANKRUPTCY CASE NO.<br>14-61357 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Montana | | DIVISION OFFICE | NAME OF JUDGE<br>Kirscher |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| | | | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>March 24, 2015 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Trent M. Gardner | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Trent M. Gardner (I.D. # 7477)
Jeffrey J. Tierney (I.D. # 12989)
**GOETZ, BALDWIN & GEDDES, P.C.**
35 North Grand
P.O. Box 6580
Bozeman, MT 59771-6580
Phone: (406) 587-0618
Fax: (406) 587-5144
Email: tgardner@goetzlawfirm.com
jtierney@goetzlawfirm.com

Joseph V. Womack (I.D. # 2690)
**WALLER & WOMACK, P.C.**
Suite 805 First Bank Building
303 North Broadway
Billings, Montana 59101
Telephone: (406) 252-7200
Facsimile: (406) 252-4266
Email: jwomack@jvwlaw.com

Attorneys for Joseph V. Womack, Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**JOHN HENRY SCHNEIDER,**<br><br>Debtor. | Case No. 14-61357 |
| **JOSEPH V. WOMACK, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF JOHN HENRY SCHNEIDER,**<br><br>Plaintiff,<br><br>v.<br><br>**KATHLEEN T. BURROWS**<br><br>Defendant. | Adversary No. 15-_____<br><br>**SUMMONS IN AN ADVERSARY ACTION** |

TO: KATHLEEN T. BURROWS

YOU ARE SUMMONED and required to file a motion or answer to the Complaint which is attached to this Summons with the Clerk of the Bankruptcy Court within 30 days after the date of issuance of this Summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days. The address of the Clerk of the Bankruptcy Court is:

>Clerk of U.S. Bankruptcy Court
>District of Montana
>Mike Mansfield Federal Building and U.S. Courthouse, Room 303
>400 North Main
>Butte, MT 59701

At the same time, you must also serve a copy of the motion or answer upon the Plaintiffs' attorneys.

>Trent M. Gardner
>Jeffrey J. Tierney
>GOETZ, BALDWIN & GEDDES, P.C.
>35 North Grand
>P.O. Box 6580
>Bozeman, MT 59771-6580

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

(COURT SEAL)                                    *Clerk of the Bankruptcy Court*

                                                By:_____
Date                                             *Deputy Clerk*